UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALAN ANDRE GARCIA CASTRO,<br><br>　　　　　　　　　　　　Defendant. | Case No.:  21-CR-2546 GPC<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>**[ECF No. 1157]** |

      On December 12, 2023, Alan Andre Garcia Castro ("Defendant") filed a motion to reduce his sentence from 36 months to 24 months of imprisonment under 18 U.S.C. § 3582(c)(2) pursuant to the new zero-point offender provision of U.S.S.G. § 4C1.1. ECF No. 859 at 2; ECF No. 1157 at 6.[1] The government filed a response in opposition. ECF No. 1194.  The government argues a reduction is impermissible because Defendant's imposed sentence already falls far below the amended guidelines range. *Id*. at 3.

      A defendant is eligible to receive the benefit of a retroactive two-point offense level reduction if the defendant is a zero-point offender, meaning they "present zero

---

[1] Page numbers reflect CM/ECF pagination.

criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a)." *United States v. Valenzuela*, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024). However, even if a defendant meets the § 4C1.1(a) requirements, a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

At sentencing, the Court found the appropriate guideline range to be 108 to 135 months based on an offense level of 31. ECF No. 1194 at 2. Even with the benefit of the retroactive two-point reduction for being a zero-point offender, the advisory range would be 87 to 108 months based on an offense level of 29. Defendant's imposed term of 36 months is already below this amended advisory range. ECF No. 859 at 2. Therefore, the Court may not reduce Defendant's sentence. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range[.]").

For the reasons set forth, the Court **DENIES** Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED**.

Dated:  June 5, 2024

Hon. Gonzalo P. Curiel
United States District Judge